In view of the nature of the action and of the authorities upon the subject, I am of opinion the contention of the contestant in this respect is correct. In my opinion, in an action of this sort, the court has no jurisdiction over the real estate of the decedent which is specifically devised by the will. As to such real estate, the devisees are entitled to the possession. The contestants have not even color of title to its possession. The only issue to be tried in a will contest is whether the paper is the last will and testament of the deceased.
The Supreme Court of this state in Mears v. Mears et al, 15 Ohio State, 90, decided that—
“In the trial of an issue made up to determine the validity of a will under Sections 20 and 21 of the Wills Act, the court exercises the powers and jurisdiction of a court of probate. On such trial it is not the duty of the court to give construction to the provisions of the will or to pass upon the validity or *328 invalidity of the doubtful legacies or bequests therein contained. ’ ’
In the opinion it is said, on,page 96, that “the jurisdiction exercised in all such cases by the court and jury is virtually that of a court of probate” (citing cases).
The language of Baldwin, Judge, in Coalters, ex., et al, v. Bryan et al, 1st Gratton, 76, is quoted as follows:
“The jurisdiction of a court of probate differs from that of other civil tribunals in this, that its province is not to ascertain and enforce the rights of property, but to establish, preserve and perpetuate some important muniment of title.”
In such case, therefore, I am of opinion that it is not within the jurisdiction of the court to determine questions of property right, but that the court’s jurisdiction is confined and the scope of its jurisdiction in such cases is limited to a determination of the single question of the validity or invalidity of the will, and that, as the court can make no order ascertaining or enforcing rights of property, that the court can not, by the appointment of a receiver, draw to itself jurisdiction over the real estate specifically devised by the will.
A receiver is defined by Beach as “a ministerial officer of a court of chancery, appointed as an indifferent person between the parties to a suit, to take possession of and preserve pendente lite the fund or property in litigation, when it does not seem equitable to the court that either party should have possession or control of it.” Where there is no fund or property in dispute, there is no occasion for the appointment of a receiver. After the probate of a will the devisees are entitled to the possession of the property. In this contest no person makes any claim to its possession as against the devisees. Upon what principle, therefore, is the court authorized to take possession of this real estate?
The only case which appears to have been decided in this state is the case cited in the 20th Circuit Court, 229. The court there held that—
“A court of equity possesses the power, independent of statute, to appoint a receiver to preserve property pendente lite, but *329 such power can be exercised only where the property is the dirct subject of the action, and the judgment will act upon the specific property, and when there is no person who is at the time competent to hold and manage it during the judicial proceedings.
“While the judgment in such an action is conclusive as to the title of real and personal property of the testator, it does not deal with or relate to the possession of any specific property of which the decedent died seized; and the plaintiff can not under any process that can be issued to enforce the judgment, obtain possession of the property regardless of the rights of the executor or administrator to duly and legally administer and distribute an estate according to the provisions of the will or the law.”
While some criticism is offered to this decision in certain respects, yet it seems to me to be sound upon the proposition that the court is not, in such case, dealing with the property and has no jurisdiction over the specific property, and that it is not, therefore, authorized to appoint a receiver of the real estate specifically devised.
In addition to the eases which have been cited, I call attention to the case of Schlect’s Appeal. It is a Pennsylvania case, but I have not the reference. The syllabus is:
‘ ‘ 2d. A will was admitted to probate, and on appeal the issue was directed. The executors were also devisees and in possession. Held on these facts that a bill to restrain them from eol- ' leeting rents and the appointment of a receiver disclosed no equity.
“3d. The defendants as devisees had a prima facie legal right to the rents, and being in possession with or without color • of title, an adverse claimant could not come into equity and obtain an injunction to turn them out.
“4th. An injunction and receiver are resorted to in any ease only to preserve in statu quo, pending a contest.
“5th. Where a mere legal right is in dispute, there being no privity between the claimants, and in the absence of fraud, equity will not interfere at the instance of a person claiming real property under a legal title to grant a receiver against parties in possession.”
Judge Sharswood, in the opinion, says—
“In Carron v. Ferrin, 18 Law Times Rep., N. S., 806, it was . said that where a mere legal right is in dispute, there being *330 no privity between the different claimants, no receiver will be appointed. ’ ’
C. G. Williams, for plaintiff.
H. J. Booth and J. E. Bater, for defendant.
• Applying that principle, the court held there was no case for the appointment of a receiver.
For the reasons stated I am of opinion that in a will contest the court can not draw to itself jurisdiction over real estate specifically devised by the will by the appointment of a receiver. 'The application must be denied.